**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-13-02222-001-TUC-RCC (DTF) |
| Plaintiff, | **ORDER** |
| v. | |
| Fredrick Ward Perry, | |
| Defendant. | |

Pending before the Court is Frederick Ward Perry's Motion for Compassionate Release Due to Threat of COVID-19 Infection or Contraction. (Doc. 64.) The Court will deny the motion because Perry has failed to demonstrate he has exhausted his administrative remedies.

Perry's motion is brought under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The statute provides that a court may modify a term of imprisonment upon a motion from the defendant when: (1) the defendant has exhausted his administrative remedies; (2) the court has considered the section 3553(a) factors; and (3) the court finds that (i) "extraordinary and compelling reasons warrant such a reduction," or that (ii) the defendant is 70 or over, has been imprisoned at least 30 years, and has been found not to present a danger to the community." A reduction must also be "consistent with [the Sentencing Commission's] applicable policy statements." 18 U.S.C. § 3582(c)(1)(A).

An inmate must first exhaust his administrative remedies before filing a motion for

1  compassionate release or wait thirty days from the date an inmate requests that the
2  warden file such a motion on the inmate's behalf. 18 U.S.C. § 3582(c)(1)(A). When an
3  inmate has not exhausted his administrative remedies, the Court has no jurisdiction to
4  waive this requirement. *See e.g., Shaw v. Bank of America Corp.*, 946 F.3d 533, 541 (9th
5  Cir. 2019) ("'statutorily-provided exhaustion requirements deprive the court of
6  jurisdiction'"); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) (the courts should "not
7  read futility or other exceptions into statutory exhaustion requirements where Congress
8  has provided otherwise."). In this instance, Perry has made no showing that he has
9  attempted to first exhaust his administrative remedies and provides no reason for failing
10 to do so. The Court, therefore, has no jurisdiction over this matter and cannot grant Perry
11 relief.

12   IT IS ORDERED the Motion is DENIED. (Doc. 64.)
13   Dated this 2nd day of July, 2020.

Honorable Raner C. Collins
Senior United States District Judge